IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-00606-FL

**Ira Harris**,

    Plaintiff,

v.

**Ron Garrett,** et al.

    Defendants.

**Memorandum & Recommendation**

Defendants Ron Garrett, Battle Whitley, and Al Grandy seek an order from the court dismissing them from the lawsuit brought by Plaintiff Ira Harris. D.E. 11. The Complaint alleges that the Defendants, employees of the North Carolina Department of Transportation ("NC DOT"), violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.

A review of the Complaint and the relevant case law demonstrates that Garrett, Whitley, and Grandy are not the proper defendants in an action under Title VII and the ADEA. Additionally, the Complaint fails to state sufficient factual allegations against these Defendants to survive a motion to dismiss. Therefore, the undersigned recommends that the District Court grant Defendants' Motion to Dismiss, but allow Harris to amend his Complaint.

**I.     Background**

Harris's Complaint alleges that he has been employed by the North Carolina Department of Transportation since 1983. It alleges that Garrett, Whitley, and Grandy are NC DOT supervisors who allowed Thomas Zienca to threaten Harris, make racial slurs against him, and damage his office. D.E 1 at 2. It further contends that Zienca refused to work under Harris and

that he would not take orders from Harris because he is black. *Id.* at 4. The Complaint also states that Harris was not promoted because of his race.

## II.     Analysis

### A.     Standard of Review for a Motion Pursuant to Rule 12(b)(6).

Defendants contend that they should be dismissed from this action because the Complaint fails to state a claim upon which relief may be granted. The Supreme Court has explained that in order to withstand a motion to dismiss under Rule 12(b)(6), "a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a Complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a Complaint to a two-part test. First, the court must identify the allegations in the Complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Id.* at 679. Then, taking the remaining factual allegations as true, the court must determine whether the Complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

### B. Exhaustion

Defendants first argue that the Complaint is untimely because Harris failed to obtain a right-to-sue letter. Harris filed administrative charges with both the North Carolina Office of Administrative Hearings ("NCOAH") and the United States Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination (No. 14B-2015-00024) and age discrimination (No. 14B-2015-00035) on March 31, 2015. D.E. 11, Ex. 1-2. He filed the present action in this court on November 19, 2015, but did not include a right to sue letter regarding either charge. D.E. 1.

In order to file a suit under Title VII, "a plaintiff must [first] exhaust her administrative remedies by bringing a charge with the [Equal Employment Opportunity Commission (EEOC).]" *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *see also* 42 U.S.C. § 2000e5(f)(1). The EEOC will then decide "whether [it] will bring the claim in federal court or whether the complainant will be issued a right-to-sue letter, which letter is essential to initiation of a private Title VII suit in federal court." *Davis v. N.C. Dept. of Corr.*, 48 F.3d 134, 138 (4th Cir. 1995). Once a plaintiff receives a right-to-sue letter from the EEOC, he has ninety days to file a civil action raising federal discrimination claims. 42 U.S.C. § 2000e–5(f)(1); *see also* 29 U.S.C. § 626(e). "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

Where state law provides state and local remedies for alleged discrimination, complainants are required to initiate state proceedings before resorting to federal law. *See Davis*, 48 F.3d at 137 (citing 42 U.S.C. § 2000e–5(b)). The purpose for this delay is to "give state agencies a prior opportunity to consider discrimination complaints." *Love v. Pullman Co.*, 404

U.S. 522, 526 (1972). In states that have deferral agencies (deferral states), a worksharing agreement between EEOC and the deferral agency may be "established [to] streamline[] procedures between the two agencies for managing claims." *Puryear v. Cnty. of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000). North Carolina has such a worksharing agreement, and has designated the NCOAH as the deferral agency for discrimination claims. N.C. Gen. Stat. § 7A–759.

North Carolina's worksharing agreement states in pertinent part that a deferred charge may be filed with either the EEOC or the OAH and that the date a deferred charge is filed with either agency is the date of commencement of proceedings under state law. N.C. Gen. Stat. § 7A–759(b1). OAH has sixty days to investigate the charge. 42 U.S.C. § 2000e–5(c). If the sixty day period expires or the state terminates its proceeding, whichever occurs first, the EEOC then automatically assume concurrent jurisdiction over the charge. *Davis*, 48 F.3d at 137.2

In response to Defendants' Motion to Dismiss, Harris attached a January 6, 2016 right-to-sue letter for discrimination charge number 14B-2015-00035. D.E. 20. However, this claim number refers to his age discrimination charge. The ADEA provides that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary [Commission]." 29 U.S.C.A. § 626(d)(1). Thus, although a complainant must first file an administrative charge, the ADEA does not require that a complainant secure a right-to-sue-letter prior to filing a claim in federal court.

Moreover, while this submission addresses exhaustion as to his age discrimination claim, it fails to remedy the deficiency with respect to Harris's Title VII claims. To date, Harris has not submitted a right-to-sue letter regarding his racial discrimination charge and the corresponding Title VII claims raised in the Complaint.

4

However, attached to the Complaint is an August 17, 2015 request by Harris to the NCOAH to issue a right-to-sue letter on both charges of discrimination. D.E. 1-1 at 3. NCOAH responded that no further action would be taken by that office but that Harris's request would be forwarded to the Charlotte, North Carolina EEOC office. *Id.* at 2. The EEOC acknowledge receipt of Harris's request for a Notice of Right to Sue, which it forwarded to the Department of Justice for action. *Id.* at 1. What further action was taken is unclear.

The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis*, 48 F.3d at 140 (emphasis added). In *Perdue v. Roy Stone Transfer Corporation,* the Fourth Circuit held that, "[i]n our view, it is entitlement to a 'right to sue' notice, rather than its actual issuance or receipt, which is a prerequisite to the jurisdiction of the federal courts under § 2000e–5(f)(1)." 690 F.2d 1091, 1093 (4th Cir. 1982). The court explained, "[t]he Commission's failure actually to issue the notice cannot defeat the complainant's statutory right to sue in the district court, for '[a] Title VII complainant is not charged with the commission's failure to perform its statutory duties.'" *Id.* (citing *Russell v. Am. Tobacco Co.*, 528 F.2d 357, 365 (4th Cir. 1975)).

Here, Harris filed his discrimination charges with NCOAH and EEOC on March 31, 2015. The EEOC had 180 days to conduct and investigation and either bring suit or issue a right to sue letter. Harris became "entitled" to the right-to-sue letter on or about September 30, 2015. While he may not have received a right-to-sue letter on his Title VII charge prior to filing this action on November 19, 2015, he was entitled to such a letter at that time. Accordingly, any potential pleading deficiency in the original complaint was cured when Harris became entitled to receive his right-to-sue letter. *See Miller v. Balt. Gas & Elec. Co.*, 202 F.R.D. 195, 204–05 (D. Md. 2001) (noting that the Fourth Circuit has never formally required an amended complaint for

5

the inclusion of a right-to-sue letter and holding that the deficiency in the complaint was cured when plaintiff received the letter); *see also Henderson v. E. Freight Ways, Inc.*, 460 F.2d 258, 260 (4th Cir. 1972)) (noting that Title VII "should be generously construed to achieve its purposes," and that "it is a general a policy of law to find a way in which to prevent loss of valuable rights, not because something was done too late but rather before it was done too soon").

It is curious that neither the EEOC nor the DOJ has not responded to Harris's request for a right to sue letter on his Title VII claim, discrimination charge number 14B-2015-00024. Because he not only requested such a letter but also because, at this juncture, he is entitled to one, any omission in failing to allege receipt of a right to sue letter or to attach it to the complaint is a deficiency that cannot be attributed to Harris. Consequently, these claims are not subject to dismissal for failure to exhaust administrative remedies. *See Causey v. Balog*, 929 F. Supp. 900 (D. Md. 1996) (fact that ADEA and Title VII plaintiff filed suit before receiving his right to sue notice did not preclude him from maintaining action, where he was clearly now entitled to a right to sue notice and had been granted one), *aff'd*, 162 F.3d 795.

### C. Proper Defendants

Defendants also seek dismissal of the Complaint because they are not the proper defendants to this action. To the extent Harris asserts claims against Garrett, Whitley, and Grandy, his claims must fail. The plain language of 42 U.S.C. § 2000e–3(a) makes it unlawful for any *employer* to discriminate against any employee on unlawful grounds. Similarly, the ADEA makes it unlawful for an *employer* to discriminate on the basis of age. 29 U.S.C.A. § 623. The proper defendant is, therefore, Harris's employer. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (holding that employees of a defendant employer are not liable in their

6

Case 5:15-cv-00606-FL   Document 22   Filed 06/28/16   Page 6 of 9

individual capacities for claims asserted under Title VII); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994) (holding that the ADEA limits civil liability to the employer).

The Complaint alludes to the fact that Garrett, Whitley, and Grandy were supervisory employees. "It is well settled ... that supervisors are not liable in their individual capacities under either Title VII or the ADEA." *Darden v. Cumberland Cmty. Action Program, Inc.*, No. 5:13–CV–311–F, 2013 WL 5494080, at *2 (E.D.N.C. Oct. 2, 2013) (citing *Lissau v. S. Food Servs., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998) ("[Supervisors are not liable in their individual capacities for Title VII violations."); *McNeal v. Montgomery Cnty.*, 307 F. App'x 766, 775 n. 6 (4th Cir. 2009) ("[O]nly an employer, not an individual employee, may be held liable under the ADEA.")). Furthermore, "supervisors are not liable in their individual capacities for Title VII violations." *Id.*

Therefore, Harris's claims against Garrett, Whitley, and Grandy are subject to dismissal because they are not the proper defendants to his claims under Title VII or the ADEA.[1] The Complaint alleges that NC DOT is Harris's employer but it does not name that entity as a defendant. Thus, while the Complaint is subject to dismissal, the undersigned recommends that the District Court grant Harris leave to amend his Complaint to properly assert his claims against his employer.

D.    **Sufficiency of Complaint**

Defendants also seek dismissal of the Complaint asserting it lacks sufficient factual averments against them to state a claim. As noted above, after filing a charge with the EEOC, a

---

[1] It also does not appear that these individuals were named as defendants or respondents in Harris's charges of discrimination filed with OAH and EEOC. *See* D.E. 11-1, 11-2. Thus, claims against Garrett, Whitley, and Grandy would not have been exhausted. *See Mayes v. Moore*, 419 F. Supp. 2d 775, 782 (M.D.N.C. 2006) ("Failure to name a party in the EEOC charge normally means the plaintiff did not exhaust the administrative remedies against those parties, and a district court must dismiss the case.").

plaintiff may proceed to file an employment discrimination action in the federal courts. *See, e.g.*, 42 U.S.C. § 2000e–5(f)(1). However, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original Complaint may be maintained in a subsequent ... lawsuit." *Evans v. Techs. Applications & Svc. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

Here, the Complaint makes no reference to the acts or omissions of Garrett, Whitely, and Grandy. It only names them in the caption and then lists them as defendants to the action. The Complaint makes no other reference to them, nor contains specific allegations against them. It appears that the Complaint attempts to premise liability of Garrett, Whitley, and Grandy through their purported roles as supervisors, although this is not clearly stated. As noted above, this is insufficient to state a claim as to these defendants.

Because the Complaint fails to allege sufficient facts with respect to Garrett, Whitely, and Grandy, it is subject to dismissal under *Iqbal* and *Twombley*. Again, the undersigned recommends that Harris be permitted to amend his Complaint to state specific factual allegations against NC DOT. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) (noting that courts should liberally construe EEOC charges because most are filed without the assistance of counsel).

**IV.  Conclusion**

For the foregoing reasons, the undersigned recommends that the district court grant the Motion to Dismiss (D.E. 30) without prejudice, but grant Harris leave to file an amended complaint naming the North Carolina Department of Transportation as a defendant.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall

have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Owen v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: June 28, 2016

*Robert T Numbers II*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE