IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00606-FL

| | ) | |
|---|---|---|
| IRA T. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RON GARRETT, BATTLE WHITLEY, | ) | |
| and AL GRANDY | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), 12(b)(6) and 12(h)(3) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (DE 11). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R"), wherein it is recommended that the defendants' motion be granted without prejudice, and that plaintiff be granted leave to file an amended complaint. Defendants timely filed an objection to the M&R (DE 23), and plaintiff did not file a response. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the M&R as modified herein, grants the defendants' motion to dismiss, and dismisses plaintiff's complaint without prejudice to file an amended complaint on the terms set forth herein.

## BACKGROUND

Plaintiff, proceeding pro se, filed this action on November 19, 2015, asserting claims against all defendants for violations of both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f) et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 (2015) et seq. Specifically, plaintiff alleges that defendants created a hostile work environment and unlawfully discriminated against him on the basis of his race and age. Plaintiff also alleges that defendants failed to promote him on the basis of his race. Plaintiff seeks monetary damages and a trial by jury.

On December 21, 2015, defendants filed the instant motion to dismiss. In support of their motion, defendants submitted a memorandum of law along with two exhibits. On January 8, 2016, plaintiff filed a response to defendants' motion. The combined motion to dismiss and plaintiff's response were submitted to the magistrate judge on January 26, 2016. On June 28, 2016, the magistrate judge issued an M&R recommending that defendants' motion to dismiss be granted, and that plaintiff be granted leave to file an amended complaint. Defendants timely filed objections to the M&R, and plaintiff did not file a response. Plaintiff's time for response has now expired.

## STATEMENT OF FACTS

The facts alleged in plaintiff's complaint may be summarized as follows. Plaintiff has been an employee of the North Carolina Department of Transportation ("DOT") since March 1, 1983. Defendants are DOT supervisors. On several occasions, defendants failed to take action against employees who were harassing plaintiff. Specifically, defendants allowed a certain DOT employee, Thomas Ziecina ("Ziecina"), to continuously threaten plaintiff, make racial slurs against him, and destroy his personal property. Ziecina also refused to take orders from plaintiff because of his race. In addition, plaintiff failed to be promoted on the basis of his race.

2

**DISCUSSION**

A. Standard of Review

    1. M&R

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

    2. Motion to Dismiss

To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of showing that subject matter jurisdiction is appropriate. See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. In that instance, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The standard of review, however, is the same as with a motion for summary judgment. Thus, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only

if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To meet this standard, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Courts must liberally construe pro se complaints, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, courts "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loan Servicing, LP, 867 F. Supp.2d 766, 776 (E.D.N.C. 2011). "The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs. for the City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990).

4

B. Analysis

The magistrate judge recommended dismissal of the complaint because it named the wrong defendants.[1]  As to this determination, finding no clear error, the court adopts the M&R and dismisses the complaint without prejudice.

Defendants object only to the magistrate judge's recommendation to grant plaintiff a leave to file an amended complaint.  Defendants challenge this portion of the M&R on two grounds.  First, defendants contend that even if plaintiff filed the same complaint against the DOT, the court would still lack subject matter jurisdiction to hear plaintiff's claims.  Second, defendants argue that granting plaintiff a leave to amend would be futile.

Defendants first challenge the M&R's recommendation to grant plaintiff leave to amend on the ground that granting such relief would not give the court subject matter jurisdiction since most of the claims alleged in the complaint "are not covered [in] either of the [p]laintiff's two discrimination charges."  (DE 23).

"In any subsequent lawsuit alleging unlawful employment practices[,] . . . a federal court may only consider those allegations included in the EEOC charge."  Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407 (4th Cir. 2013) (citing Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962–63 (4th Cir. 1996)).  Generally, claims filed in subsequent lawsuits that "exceed the scope of the EEOC charge . . . are procedurally barred."  Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005) (quoting Dennis v.Cnty of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995)).

---

[1] Any claim brought under Title VII or the ADEA must name as defendant the plaintiff's employer.  See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998) (holding that only employers are liable for Title VII violations); see also Birbeck v. Marvel Lighting Corp., 30 F.3d 507, 511 (4th Cir. 1994) (holding that only employers are liable for ADEA violations).

5

If, however, a plaintiff's claims "are reasonably related to [his] EEOC charge and can be expected to follow from a reasonable administrative investigation [of the charge], the plaintiff may advance such claims in a subsequent civil suit." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247–48 (4th Cir. 2000) (citing Chisholm v. United States Postal Serv., 665 F.2d 482 (4th Cir. 1981)); see also Equal Emp't Opportunity Comm'n v. Gen. Elec. Co., 532 F.2d 359, 367 (4th Cir. 1976) ("[P]roceedings by the EEOC and the judicial suit may be as broad as the facts developed in a reasonable investigation of the charge will warrant."). While courts "may look only to the charge filed with [the EEOC]" in determining what claims plaintiff properly alleged before it, courts "must . . . construe[ those charges] with utmost liberality." Balas, 711 F.3d at 408 (internal quotations omitted).

Defendants allege that because "neither discrimination charge references a job promotion the [p]laintiff did[ not] receive, any disparities between the salary paid to the [p]laintiff and the salaries paid to white or younger employees, or actions taken by Thomas Ziecina," the court would still lack jurisdiction over plaintiff's claims as against the DOT. (DE 23). At least in part, however, the charges and complaint both assert similar facts and claims relating to harassment and hostile working conditions. As one example, both the Title VII charge and the complaint assert that racial slurs and threats were made against plaintiff. Therefore, the claims are not entirely outside the scope of plaintiff's EEOC charges. For this reason, the court adopts the M&R's recommendation to grant plaintiff leave to amend his complaint naming the DOT as a defendant.

Defendants next challenge the M&R's recommendation to grant plaintiff leave to amend on the ground that "[a]llowing the [p]laintiff to proceed with his current complaint against the DOT as the defendant would be futile." (DE 23).

6

Leave to amend a pleading must freely be given "when justice so requires." Fed. R. Civ. P. 15(a). This is a "liberal rule" intended to give effect to the "federal policy in favor of resolving cases on their merits instead of disposing them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject for relief, [that party] ought to be afforded an opportunity to test his claims on the merits." Forman v. Davis, 371 U.S. 178, 182 (1962).

Leave to amend will be "denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Laber, 438 F.3d at 426. A district court may be justified in denying leave to amend if the amended claim "could not withstand a motion to dismiss." Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). However, "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." Forman, 371 U.S. at 182.

Defendants contend that even if plaintiff amended his complaint to assert properly his claims against the DOT, the complaint would still fail to allege any plausible claim against that defendant. At this juncture, however, there is not a proposed amended complaint pending before this court, and the defects noted by defendants could be addressed in an amended complaint. Therefore, the court will dismiss plaintiff's complaint without prejudice to file an amended complaint. See Goode v. Cent. Va. Legal Aid Soc'y, 807 F.3d 619, 623 - 24 (4th Cir. 2015) (requiring a district court to allow a plaintiff to amend his complaint where the complaint was dismissed without prejudice).

Defendants' request to require that any amended complaint contain more specific allegations of wrongdoing is well received by the court. Accordingly, if plaintiff chooses to file an amended complaint, the court directs plaintiff to include specific allegations of wrongdoing by the DOT within the scope of facts and claims of at least one of his two EEOC charges.

**CONCLUSION**

Upon careful review of the M&R and of the record generally, the court hereby ADOPTS the recommendation of the magistrate judge as modified herein. For the reasons stated in the M&R, defendants' motion to dismiss (DE 11) is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE and plaintiff is GRANTED leave to file an amended complaint on or before **October 24, 2016,** within the parameters set forth herein.

SO ORDERED this the 26th day of September, 2016.

LOUISE W. FLANAGAN
United States District Judge